## Appraisals for School Districts.

O'HARA, Deputy Attorney General, March 30, 1931.—We have examined the letter addressed to your department by Mr. William T. Budd, Secretary of the School District of the City of Carbondale, Carbondale, Pennsylvania, under date of February 24, 1931, in which he requests to be advised whether a school district may award a contract, without advertisement or competitive bids, for appraisal of school buildings and contents for the purpose of determining the amount of insurance against fire to be placed thereon, and to assist the district in settlement of fire losses, if any may occur:

(a) Where the appraiser is an individual; and (b) where the appraiser is a corporation.

Property appraisals require knowledge, experience and skill in ascertaining and determining the value of labor and materials in building construction, construction costs, ascertainment and determination of land values as established or conditioned by location and other circumstances, ascertainment and determination of sound values and replacement costs, and they likewise involve skill in analyzing and stating the component parts of appraisal values, capacity to present the results of appraisal, as well as integrity and known responsibility. Similar qualifications are requisite in the ascertainment and determination of appraisal values of personal property.

The Act of May 18, 1911, P. L. 309, in sections 617, 706, 707 and 708, as amended, provides for competitive bids on construction, etc., contracts and purchase of supplies. There are no other provisions in the School Code relative to awarding contracts.

Statutes requiring competitive bidding have been construed not to apply to contracts for services which depend for their value on scientific knowledge and personal skill, or for supplies of a peculiar character, depending for their value upon the personal skill of the manufacturer.

Contracts of the first class have been held to include services of accountants, architects, attorneys, engineers, surveyors, supervising engineers, stenographers and tax assessors' assistants; and contracts of the second class have been held to include the purchase of fireworks and patented articles.

The reasons for these exceptions to the statutory rule are stated in 2 Dillon on Municipal Corporations (fifth edition), §§ 804 and 1203, and the cases there cited: Stratton v. Allegheny County, 245 Pa. 519.

We are of opinion and advise that contracts for appraisals of property are within the class excepted because they require scientific knowledge and personal skill, whether the contract for such appraisal is made with an individual or with a corporation incorporated to furnish such service.

610

We are not to be understood as advising that professional services which can lawfully be furnished only by a person licensed to practice an art or profession may be furnished by a corporation, nor are we here undertaking to express an opinion as to whether a corporation may be created in Pennsylvania for the purpose of making appraisals of real or personal property.

From C. P. Addams, Harrisburg, Pa.